# SUPREME COURT OF THE UNITED STATES

## ANTHONY ROBINSON *v.* DEPARTMENT OF EDUCATION

ON PETITION FOR WRIT OF CERTIORARI TO THE UNITED
STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT

No. 19–512.    Decided April 20, 2020

The petition for a writ of certiorari is denied.

JUSTICE THOMAS, with whom JUSTICE KAVANAUGH joins, dissenting from the denial of certiorari.

This petition presents the question whether the general civil enforcement provisions of the Fair Credit Reporting Act (FCRA), 15 U. S. C. §§1681n–1681o, waive the Federal Government's sovereign immunity for FCRA civil enforcement suits. Because this important question has divided the Courts of Appeals, I would grant review.

I

Petitioner claims to be the victim of identity theft. After he unsuccessfully sought to remove an allegedly fraudulent student loan from his credit history, he filed suit against the lender—the United States Department of Education— seeking damages for violations of the FCRA. Under the FCRA's general civil enforcement provisions, "[a]ny person" who willfully or negligently fails "to comply with any requirement imposed under [§1681 *et seq.*] is liable to [the] consumer" for damages. §§1681n–1681o. The statute defines "person" to include "any . . . government or governmental subdivision or agency." §1681a(b).

The Department of Education moved to dismiss petitioner's complaint, asserting federal sovereign immunity. The District Court granted the motion, and the Fourth Circuit affirmed. Relying on the interpretive presumption that "'person' does not include the sovereign," *Vermont Agency of Natural Resources* v. *United States ex rel. Stevens*, 529

U. S. 765, 780 (2000), the Fourth Circuit concluded that, despite the statutory definition, it could plausibly read "person" to not include the Federal Government. Moreover, the court observed that the opposite interpretation would lead to absurdities in other FCRA enforcement provisions. For example, if the Federal Government were a "person," it could be liable under the FCRA for federal criminal charges. See 917 F. 3d 799, 804 (CA4 2019) (contemplating "a court's puzzlement upon seeing a criminal case captioned '*United States v. United States*'"). And the court noted that petitioner's reading would render superfluous a more limited sovereign-immunity waiver in one of the FCRA's specific civil enforcement provisions, §1681u(j), which makes "[a]ny agency or department of the United States . . . liable to [a] consumer" for damages when it unlawfully discloses that consumer's credit information to the Federal Bureau of Investigation. Comparing this express language and that of other sovereign-immunity waivers recognized by this Court with the language of §1681n and §1681o, the Fourth Circuit determined that the FCRA's general civil enforcement provisions do not clearly waive the Federal Government's sovereign immunity.

## II

As both parties acknowledge, the Fourth Circuit's decision in this case deepened a pre-existing Circuit split. While the Ninth Circuit agrees that the FCRA's general civil enforcement provisions do not waive federal sovereign immunity, *Daniel* v. *National Park Serv.*, 891 F. 3d 762 (2018), the Seventh Circuit has reached the opposite conclusion, *Bormes* v. *United States*, 759 F. 3d 793 (2014). Thus, borrowers of federal loans in Illinois, Indiana, and Wisconsin have access to a cause of action against the Federal Government while borrowers with the same types of loans in 14 other States are barred from suit.

Because of the Court's inaction, this disparity will persist. Contrary to the Department's speculation, this Circuit split shows no signs of resolving itself. In fact, the Seventh Circuit recently reaffirmed its position in *Meyers* v. *Oneida Tribe of Wis.*, 836 F. 3d 818 (2016). In holding that the FCRA's general civil enforcement provisions do not abrogate *tribal* sovereign immunity, the court reaffirmed and distinguished its earlier decision in *Bormes*, which recognized a waiver of *federal* sovereign immunity. 836 F. 3d, at 826. In that court's view, the ordinary meaning of "government," as used in the FCRA's definition of "person," clearly encompasses the Federal Government but does not include Indian tribes. *Ibid.* Thus, absent intervention from this Court, or a majority of active judges on the Seventh Circuit, the Courts of Appeals will remain in conflict.

## III

The question whether sovereign immunity has been waived is one of critical importance to any functioning government, but particularly to a democratic republic. This is especially true when it comes to suits for money damages, because "the allocation of scarce resources among competing needs and interests lies at the heart of the political process." *Alden* v. *Maine*, 527 U. S. 706, 751 (1999). Were the Federal Government to be stripped of sovereign immunity without consent, "private suits for money damages would place unwarranted strain on the [Government's] ability to govern in accordance with the will of [its] citizens." *Id.*, at 750–751.

These ramifications are magnified here because the Federal Government's potential liability under the FCRA is substantial. As the Nation's primary student-loan lender, it is one of the largest furnishers of credit information in the country. According to petitioner, the Federal Government is responsible for 90 percent of student loans nationwide in a market that has tripled between 2007 and 2018,

from $500 billion to a staggering $1.5 trillion.  Pet. for Cert. 39.  A waiver of sovereign immunity would thus have a significant impact on the public fisc.

*   *   *

"One of this Court's primary functions is to resolve 'important matter[s]' on which the courts of appeals are 'in conflict.'" *Gee* v. *Planned Parenthood of Gulf Coast, Inc.*, 586 U. S. ___, ___ (2018) (THOMAS, J., dissenting from denial of certiorari) (slip op., at 1) (quoting this Court's Rule 10(a)).  Because the question presented in this petition has divided the Circuits and concerns a matter of great importance, it warrants our review.  I respectfully dissent from the denial of certiorari.